FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUN -4  PM 2: 55

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VOLVO TRUCKS NORTH AMERICA, INC. | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION **07-3127** |
| | * | |
| CRESCENT FORD TRUCK SALES, INC. AND | * | JUDGE **SECT. B MAG. 3** |
| | * | |
| MR. ARTHUR W. TAIT, CHAIRMAN | * | MAGISTRATE |
| LOUISIANA MOTOR VEHICLE | * | |
| COMMISSION | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT TO COMPEL ARBITRATION AND
## FOR DECLARATORY RELIEF

Pursuant to Sec. 4 of the Federal Arbitration Act, 9 U.S.C. 1 et seq., Volvo Trucks North America, Inc. (hereinafter "Volvo") respectfully asks this Court for an Order compelling arbitration and respectfully represents as follows:

## PARTIES, JURISDICTION, VENUE

1.

Plaintiff, Volvo Group North America, Inc., a successor corporation to Volvo Trucks North America, Inc. (hereinafter "Volvo"), is a Delaware Corporation with its principal place of business in the State of North Carolina.

Fee #350°°
Process
X  Dktd
___ CtRmDep
___ Doc. No

2.

Defendants herein are Crescent Ford Truck Sales, Inc., (hereinafter "Crescent"), a Delaware Corporation with its principal place of business in the Eastern District of Louisiana, and Defendant Mr. Arthur W. Tait, a Louisiana resident who is the Chairman of the Louisiana Motor Vehicle Commission.

3.

The Court has "federal question" subject matter jurisdiction under 28 U.S.C. 1331 because Plaintiff's claim arises under the "Federal Arbitration Act," 9 U.S.C. 1 et seq.. It involves the interpretation of the Dealer's Day in Court Act, 15 U.S.C. 1221-1225 as well as the Federal Arbitration Act..

4.

Venue is proper in this Court under 28 U.S.C. Sec. 1391(a).

**BACKGROUND**

5.

Defendant in 1995 and again in 2000 entered into "Dealer Sales and Service Agreement[s]" ("The Contract") with Volvo, pursuant to which it operates a Volvo dealership under the name, Crescent Ford Truck Sales, Inc. (Exhibit 1)

6.

Defendant executed The Contracts on its own behalf, after consultation with counsel of its own choosing.

7.

Defendant is bound by the provisions of The Contracts.

8.

The 2000 Contract contains a dispute resolution section, which provides that "These procedures shall be the *sole and exclusive* procedures for the resolution of any such dispute" (See Dealer Sales and Service Agreement, Exhibit "1", Section 7.1).

9.

The dispute resolution section of the contract, section 7.4, contains an arbitration clause. It provides that "If Negotiation followed by Mediation fails to reach an equitable solution...within 90 days, then such dispute *may* be settled by final and binding arbitration. Once initiated, all parties *shall* cooperate with the AAA and each other to reach the final decision." (See Exhibit "1," Section 7.4). As interpreted by consistent Federal case law, that clause means any party to the contract has the option of beginning an arbitration and the other party must cooperate with and submit to the arbitration and the award.

10.

The Contract is a contract involving interstate commerce within the meaning of the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq.

11.

Defendant is an "automobile manufacturer" as defined by the Dealer's Day in Court Act, 15 U.S.C. 1221-1225.

12.

The arbitration provision of the 2000 Contract is enforceable under the Federal Arbitration Act (9 U.S.C. 1 et seq.). In 2002, 15 U.S.C. 1226 was amended to restrict the manufacturer's right to mandatory arbitration under The 2000 Contract *if an only if The Contract was amended after the*

*passage of the Act in 2002.*  The 2000 Contract (effective until 2005) was never amended or modified after the enactment of 15 U.S.C. 1226.

13.

Volvo offered to modify the said contract shortly before it expired, but Crescent specifically and emphatically thru its learned counsel refused to modify the said Contract. (See letters, Exhibit 2). The arbitration provision of the Contract is therefore enforceable under the Federal Arbitration Act because The Contract was never modified after section 1226 went into effect..

14.

In June 2005, The Contract expired under its own terms.

15.

In an effort to keep The Contract alive forever thru legal artificial respiration,  Defendant filed suit before the Louisiana Motor Vehicle Commission and obtained a preliminary injunction on alleged state law grounds maintaining the contract in effect forever or until the Commission terminated the preliminary injunction.  That preliminary injunction is still in effect, compelling Volvo to do business with a Dealer whose contract expired in 2005. (See Exhibit 3, the petition, and Exhibit 4, the preliminary injunction order).

16.

Defendant then invoked the mediation provision of The Contract.  (Exhibit 1).  The mediation was unsuccessful.

17.

Volvo then moved to enforce the mandatory arbitration provision of The Contract in the Commission proceeding (Exhibit 5).  The Commission asked for briefs on the application of Section

1226 and the Federal Arbitration Act. (See Exhibit 6, Volvo's Brief). The Louisiana Motor Vehicle Commission refused to send the contract dispute to arbitration without any opinion on the federal issues covered by the briefs it requested. (Exhibit 7).

18.

Volvo appealed the decision to the 24th Judicial District Court. (Exhibit 8). There has been no hearing and no decision by that Court and no steps towards a decision.

19.

Volvo files this complaint to obtain a speedy decision on the federal issues arising under Section 1226 and the Federal Arbitration Act. The Commission refused to address the federal issues, and there is no guarantee that the state appeal will address the federal issues either. Volvo is entitled to a speedy hearing in this Court of the federal issues involving arbitration.

## COUNT ONE

20.

Volvo hereby incorporates by reference the allegations contained in paragraphs 1 through 14 of this Petition as if fully set forth herein.

21.

The Contract signed by Defendant effects commerce withing the meaning of the Federal Arbitration Act ("FAA"), 9 U.S.C. Sec. 1 et seq., because the contract involves "commerce among the several states" within the meaning of the statute.

22.

Because the contract in question effects "commerce," the arbitration agreement is "valid, irrevocable and enforceable" within the meaning of 9 U.S.C. Sec. 2.

23.

The arbitration agreement is enforceable by the Court under 9 U.S.C. Sec. 4, which authorizes the Court to enter an Order directing that arbitration proceed in the manner provided for in the arbitration agreement.

## COUNT TWO

24.

Volvo hereby incorporates by reference the allegations contained in paragraphs 1 through 18 of this Petition as if fully set forth herein.

25.

The Commission has twice attempted to set a trial date for the merits of this case for trial before the arbitration issue is finally decided.

26.

As a means of giving effect to an order compelling arbitration, this Court is empowered to enter an order enjoining Defendant Crescent and Defendant Commission Chairman from setting the case for trial on the merits prior to a final decision of the right to arbitration in this Court.

27.

The Anti Injunction Act does not apply to proceedings before state commissions. Volvo is entitled to such an order because it has no adequate remedy at law for Defendant's attempt to circumvent the valid and binding arbitration clause in The Contract.

28.

The "All Writs Act," 28 U.S.C. 1651, authorizes this Court to issue "all writs necessary and appropriate in aid of their respective jurisdictions." Thus, this Court has the authority to enjoin Defendant and the Motor Vehicle Commission from trying the merits of the case before the

Louisiana Motor Vehicle Commission.

## COUNT THREE

29.

Plaintiff is also entitled to a declaratory judgment that the Federal Automobile Dealers Day in Court Act, 15 U.S.C. 1226 et seq, applies to the substantive issues in this Court, including but not limited to whether Crescent has the right to force Volvo to abide forever by the provisions of a contract which expired in 2005, and whether sections 1221, 1222 and 1225 provide the substantive law which applies to Crescent's attempt to keep the expired contract alive forever thru injunctive relief.

30.

In particular, but without limitation of the foregoing, Volvo is entitled to a declaratory judgment that the federal definition of "good faith" applies to the dispute between Volvo and Crescent because the state law is completely inconsistent with the federal definition of good faith, and cannot be reconciled with the federal definition of good faith. The state law makes arbitrary assumptions favoring the dealer which are completely inconsistent with the federal definition of good faith under 1221, 1222, and 1225.

**WHEREFORE**, Volvo requests that the Court:

(a)     order Defendant to submit any challenge to the termination of The Contract and any other claim or grievance arising out of or relating to The Contract to arbitration in accordance with the terms of the arbitration agreement entered into by Defendant;

(b)     enjoin Defendant Crescent and Defendant Mr. Arthur W. Tait, Commission Chairman, from engaging in conduct inconsistent with an order compelling arbitration, including but not limited to a hearing on the merits of the contract dispute

before the Louisiana Motor Vehicle Commission; and

(c)     enter a declaratory judgment that federal substantive law, in particular 15 U.S.C.

1221, 1222, and 1225 apply to Volvo's rights and Crescent's rights following the

expiration of the 2005 contract; and

(d)     award Volvo such other and further relief as may be just and proper.

Respectfully submitted,

SIDNEY L. SHUSHAN, # 12055
JONATHAN M. SHUSHAN, #12197
Guste, Barnett & Shushan, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
**ATTORNEYS FOR VOLVO TRUCKS NORTH
AMERICA, INC.**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VOLVO TRUCKS NORTH AMERICA, INC. | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION " " |
| | * | |
| CRESCENT FORD TRUCK SALES, INC. AND | * | JUDGE |
| | * | |
| MR. ARTHUR W. TAIT, CHAIRMAN | * | MAGISTRATE |
| LOUISIANA MOTOR VEHICLE | * | |
| COMMISSION | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## EXHIBIT LIST

1.   "Dealer Sales and Service Agreement[s]" ("The Contract")

2.   Affidavit of Dave Winner

3.   Crescent's Petition filed with the Louisiana Motor Vehicle Commission

4.   Injunction issued by the Louisiana Motor Vehicle Commission

5.   Volvo's Motion to Enforce the Arbitration clause in the Dealer Agreement

6.   Volvo's Brief on the arbitration issue filed with the Louisiana Motor Vehicle Commission

7.   Louisiana Motor Vehicle Commission ruling on the arbitration issue

8.   Volvo's Petition for Judicial Review filed in the 24th Judicial District Court, Parish of

     Jefferson, State of Louisiana

-9-