**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

VOLVO TRUCKS NORTH AMERICA, INC.  CIVIL ACTION

VERSUS           NO. 07-3127

CRESCENT FORD TRUCK SALES, INC. ET AL  SECTION B(5)


**ORDER AND REASONS**

  Before the Court is Defendant Crescent Ford Truck Sales Inc.'
Motion to Dismiss.  (Rec. Doc. No. 5).  After review of the
pleadings and applicable law, and for the reasons that follow,

  **IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED** in
part and **DENIED** in part.

*BACKGROUND*

  On June 20, 2000 Defendant Crescent Ford Truck Sales, Inc.
("Crescent") entered into a "Dealer Sales and Services Agreement"
("Dealer Agreement") with Plaintiff Volvo Trucks North America,
Inc. ("Volvo") pursuant to which Defendant operated a Volvo
Dealership.  The term of the Dealer Agreement was five years.  With
regard to dispute resolution procedures, The Dealer Agreement
provided the following: "The parties shall promptly seek, in good
faith and in a spirit of cooperation, a rapid and equitable
solution to any dispute, controversy, or claim between them arising
out of...this Agreement."  Additionally, it provided: "If the
dispute has not been resolved by Negotiation...the matter shall be

1

submitted...for mediation." Finally, it provided: "If Negotiation followed by mediation...fails to reach an equitable solution to the dispute within 90 days, then such dispute...may be settled by final and binding arbitration....  Once initiated, all parties shall cooperate with [the American Arbitration Association] and each other to reach the final decision."

On March 7, 2005, Volvo issued to Crescent a notice of non-renewal of the Dealer Agreement.  In response to this notice and in an attempt to prevent Volvo's termination of the Dealer Agreement, Crescent filed with the Louisiana Motor Vehicle Commission ("LMVC") a *Verified Emergency Petition on Behalf of Crescent Ford Truck Sales, Inc., for an Interlocutory and Permanent Cease and Desist Order Against Volvo Trucks North America, Inc., Pursuant to La. Revised Statutes Title 32: §§ 1254 & 1256 to Prevent the Refusal to Renew the Current Dealer Sales and Service Agreement or to Attempt to Coerce Crescent Ford Truck Sales, Inc. to Modify the Dealer Sales and Service Agreement Under the Threat of Cancellation*.  The basis of the Petition was that Volvo failed to properly allege just cause for termination of the Dealer Agreement as required under Louisiana law governing the distribution and sale of motor vehicles, La. Rev. Stat. §§ 32: 1251-1269.

On March 24, 2005, the LMVC issued an interlocutory cease and desist order against Volvo "maintaining the status quo between [Crescent] and [Volvo] and preventing the non-removal or expiration

of the June 20, 2000, Dealer Sales and Service Agreement on March 31, 2005, pending further proceedings before the commission...." The order also prohibited Volvo from "canceling, non-renewing or permitting the expiration of" the agreement pending further order from the commission.  Finally, the order set a hearing date for the determination of why a permanent cease and desist order should not be issued against Volvo and why the Dealer Agreement should not be renewed for an additional full franchise term of five (5) years.

The parties then agreed to proceed to mediation as provided in the Dealer Agreement.  Volvo, however, also argued that, pursuant to the Dealer Agreement, the parties should be compelled to submit to binding arbitration.  Volvo subsequently filed before the LMVC a motion to compel arbitration on July 5, 2005.  The LMVC denied the motion on September 14, 2006.  Volvo then filed a Petition for Review of the LMVC's decision denying arbitration with the 24th Judicial District Court for the Parish of Jefferson on October 20, 2006.  This appeal is currently pending.  Additionally, The LMVC has stayed the Dealer Agreement termination proceeding as a result of this appeal.

Volvo subsequently filed a Complaint in this Court on June 4, 2007.  Volvo sought an order directing that arbitration proceed between the parties.  Additionally, Volvo sought an order enjoining Crescent and the LMVC from setting the case for trial on the merits prior to a final decision regarding the right to arbitration in

this Court.  Finally, Volvo sought a declaratory judgment that various provisions of the Automobile Dealer's Day in Court Act, 15 U.S.C. §§ 1221-1226, were applicable to the rights of the parties with respect to the contract.  Defendant Crescent filed this Motion to Dismiss on August 3, 2007.

Defendant contends that this Court lacks subject matter jurisdiction over Plaintiff's claims.  In the alternative, Defendant contends that this Court should dismiss Plaintiff's claims because Plaintiff has failed to exhaust its administrative remedies.  Finally, Defendant argues that even if this Court has subject matter jurisdiction, it should abstain from adjudicating Plaintiff's claims under the doctrines of *Younger* and *Burford* abstention.

Plaintiff claims that valid subject matter jurisdiction exists under the Federal Arbitration Act and the Automobile Dealer's Day in Court Act.  Additionally, Plaintiff claims that it has exhausted its administrative remedies and that neither *Burford* nor *Younger* abstention is appropriate in this case given the nature of the relief sought.

## *DISCUSSION*

### I.   Motion to Dismiss Standard

Defendant Crescent moves to dismiss Plaintiff's suit for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1).  The Court dismisses a case under Rule 12(b)(1) for lack

4

of subject matter jurisdiction if it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Thus, the Court cannot dismiss the complaint unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Additionally, the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *United States Workers AFL-CIO v. Murphy Oil USA, Inc.*, 2007 WL 4365393, *1 (E.D. La. 2007).

## II.  **Subject Matter Jurisdiction**

Plaintiff alleges several bases for subject matter jurisdiction. First, Plaintiff argues that the Federal Arbitration Act, 9 U.S.C. §§ 1-30, provides a basis for federal jurisdiction. Second, Plaintiff argues that the declaratory relief which Plaintiff is seeking requires the Court to interpret various sections of the Automobile Dealer's Day in Court Act, 15 U.S.C. §§ 1221-1226, and therefore, this statute creates subject matter

jurisdiction.

The Federal Arbitration Act provides in pertinent part: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of the suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. As the Supreme Court stated in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983), however, "The Arbitration Act is somewhat of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331...or otherwise." Additionally, the Court in *Moses* stated that "Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." *Id*.

The Fifth Circuit analyzed to what extent the Federal Arbitration Act provided a basis for federal jurisdiction in

*Prudential-Bache Sec., Inc. v. Fitch*, 966 F.2d 981 (5th Cir. 1992). In that case the plaintiffs filed suit in state court against the defendants alleging violations of federal securities law. *Id*. at 983. While the state court proceeding was still pending, the defendant then filed suit in federal court to compel arbitration. *Id*. The defendant alleged that jurisdiction existed based on the Federal Arbitration Act as well as the federal securities laws. *Id*. at 986. With regard to jurisdiction under the Federal Arbitration Act, The Fifth Circuit found that under *Moses*, jurisdiction did not exist based on the Federal Arbitration Act itself. *Id*. at 987. The Court then addressed whether jurisdiction could be based on the federal securities law. The Court found that jurisdiction for a petition to compel arbitration must be determined from the face of the petition to compel arbitration itself and not the underlying dispute between the parties. *Id*. at 988-89. The petition asked only for the court to compel arbitration. *Id*. at 988. Although the underlying dispute involved federal law, The Court declined to exercise jurisdiction because the federal petition itself did not ask the court to address any issues of federal law in deciding whether the arbitration clause was enforceable. *Id*.

Considering the holding in *Prudential-Bache*, the Plaintiff's claim that federal jurisdiction stems from the Federal Arbitration Act itself does not have merit. Under *Prudential-Bache*, however,

7

the Court must look to the remaining claims in Plaintiff's complaint to determine if there is an independent basis for federal jurisdiction.  Specifically, the issue is whether the declaratory relief under the Automobile Dealer's Day in Court Act provides the basis.

Plaintiff's Prayer for Relief asks the Court to "enter a declaratory judgment that federal substantive law, in particular 15 U.S.C. 1221, 1222, and 1225 apply to Volvo's rights and Crescent's rights following the expiration of the 2005 contract...."  Pl.'s Comp. ¶ 30.  15 U.S.C. § 1221 defines the term "good faith" under the Automobile Dealer's Day in Court Act as "the duty of each party to any franchise, and all officers, employees, or agents thereof to act in a fair and equitable manner toward each other so as to guarantee the one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party."  15 U.S.C. § 1222 provides that an automobile dealer may bring suit against a manufacturer "by reason of the failure of said automobile manufacturer...to act in good faith in performing or complying with any of the terms or provisions of the franchise."  Finally, 15 U.S.C. § 1225 provides that the Act shall not invalidate state law unless there is a direct conflict.

By invoking §§ 1221, 1222, and 1225, Plaintiff is requesting that the Court find that the Automobile Dealer's Day in Court definition of "good faith" applies to the dispute between the

8

parties and that, under these provisions, Plaintiff was acting in good faith and had a legitimate right to terminate the Dealer Agreement.  While such relief does require the interpretation of federal law, this interpretation pertains to the merits of the underlying dispute between the parties rather than whether the arbitration clause itself is enforceable.  When a dispute subject to arbitration is presented, federal courts have very limited jurisdiction under the Federal Arbitration Act.  *Gulf Guar. Life Ins. Co. v. Connecticut Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002).  The Court's role is limited first to deciding whether a valid agreement to arbitrate the dispute in question exists and second whether any federal statute or policy renders the claim non-arbitrable.  *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 428 (5th Cir. 2004).  Disputes regarding the merits of the case must be considered by the arbitrator and not the court.  *See Tortorich v. Musso*, 2007 WL 3244396, *2 (E.D. La. 2007); *Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1263-64 (5th Cir. 1994).  The Court finds that Plaintiff's claims regarding Defendant's right to terminate the agreement do not pertain to the existence or enforceability of the arbitration clause itself, but instead to the underlying merits of the dispute between the parties.  As a consequence, these claims are not properly before the Court at this time and are, therefore, dismissed.  Because the Court lacks proper jurisdiction over these claims, it cannot be said that they provide an independent basis

for federal jurisdiction under *Prudential-Bache*.

Although not specifically referenced in the Prayer for Relief, Plaintiff's complaint also discusses declaratory relief under 15 U.S.C. § 1226.  This provision states that arbitration may be used to settle a controversy involving a motor vehicle franchise "only if after such controversy arises all parties to such controversy consent in writing to use arbitration to settle such controversy." 15 U.S.C. § 1226(A)(2).  The provision also provides, however, that it applies only to contracts entered into, amended, altered, modified, renewed, or extended after November 2, 2002.  15 U.S.C. § 1226(B). Thus, § 1226 limits the right to arbitration in the context of motor vehicle franchise contracts, but it only applies to contracts entered into or amended after 2002.

Plaintiff alleges that the LMVC, in deciding Plaintiff's Motion to Compel Arbitration, sought briefing from the parties on the applicability of 15 U.S.C. § 1226 to the Dealer Agreement. Specifically, the issue concerned the March 7, 2005 correspondence which Volvo sent to Crescent.  In addition to containing a notice of non-renewal of the Dealer Agreement, this correspondence also allegedly included an offer on Volvo's part to briefly extend the Dealer Agreement.  The issue was whether this letter had the effect of amending the 2000 Dealer Agreement after 2002, therefore, making § 1226 applicable to the Dealer Agreement.   If § 1226 were applicable, Crescent's consent would have been required before the

10

parties proceeded to arbitration.

After the parties briefed the issue of the applicability of §
1226, the LMVC denied arbitration.  The LMVC's ruling, however, did
not include any explanation regarding the applicability of § 1226.
Plaintiff's Complaint states that the LMVC "refused to send the
contract dispute to arbitration without any opinion on the federal
issues covered by the briefs it requested."  Pl.s' Comp. ¶ 17.  It
states further that Volvo seeks to "obtain a speedy decision on the
federal issues arising under Section 1226 and the Federal
Arbitration Act."  Pl.s' Comp. ¶ 19.

Defendant argues that although Plaintiff references relief
under § 1126, because Plaintiff has failed to request relief under
§ 1226 in its actual Prayer for Relief, that Plaintiff in effect
has not sought relief under § 1226.  The policy of the Federal
Rules of Civil Procedure, however, is to permit liberal pleading
and amendment thus facilitating adjudication on the merits while
avoiding excessive formalism.  *Jamieson v. Shaw*, 772 F.2d 1205,
1208 (5th Cir. 1985).  A complaint "is sufficient if it shows that
the plaintiff is entitled to any relief which the court can grant,
regardless of whether it asks for proper relief."  *Dotschay v.
Nat'l Mut. Ins. Co.*, 246 F.2d 221, 223 (5th Cir. 1957).  The Court
finds that although Plaintiff has not referenced § 1226 in its
actual Prayer for Relief, a reasonable interpretation of the
Complaint as a whole states a cause of action under § 1226.  That

11

is, the Court finds that Plaintiff's complaint alleges sufficient facts and makes sufficient allegations to state a cause of action under § 1226.

Unlike §§ 1221, 1222, and 1225 of the Automobile Dealer's Day in Court Act, the Court finds that the relief sought under § 1226 does provide an independent ground for jurisdiction under *Prudential-Bache*.  Plaintiff is essentially seeking a declaration that § 1226 was not applicable to the Dealer Agreement because the Dealer Agreement was not modified after 2002.  Thus, Defendant's consent was not necessary before initiating arbitration.  This issue concerns not the underlying merits of the dispute between the parties regarding the termination of the Dealer Agreement but the enforceability of the arbitration provision itself.  Defendant contends that there is no way to determine whether the LMVC even considered § 1226 in denying the request for arbitration.  This may be true, but given the fact that the LMVC did not give any reasons in its opinion, the Court cannot say that the LMVC did not consider § 1226.  Additionally, whether or not the LMVC considered it, the face of Plaintiff's Federal Court Complaint to compel arbitration seeks relief which requires an interpretation of federal law.  Under *Prudential-Bache*, this is sufficient for this Court to exercise jurisdiction.

In sum, while the Court must dismiss Plaintiffs's claims for relief under 15 U.S.C. §§ 1221, 1222, and 1225, which pertain to

the underlying merits of the dispute between the parties, the Court has proper subject matter jurisdiction over the relief sought under 15 U.S.C. § 1226 because it pertains to the enforceability of the arbitration clause. Additionally, the Court finds that declaratory relief sought under 15 U.S.C. § 1226 is sufficient to establish federal jurisdiction over Plaintiff's claim to compel arbitration.

## III. Exhaustion

Defendant argues that even if the Court has jurisdiction over this suit, dismissal is, nevertheless, appropriate because Plaintiff has failed to exhaust its administrative remedies. Under the doctrine of exhaustion of administrative remedies, a litigant is required to exhaust his administrative remedies, if such a remedy exists, as a prerequisite to invoking the jurisdiction of the federal court. *Rhodes v. United States*, 574 F.2d 1179, 1181 (5th Cir. 1978). Administrative exhaustion can either be mandated by statute or, in the absence of express statutory command, it can be imposed to further certain legislative and administrative policies, such as avoiding the premature interruption of the administrative process and allowing agencies to exercise their discretion and use their expertise. *See Cent. States Se. and Sw. Areas Pension Fund v. T.I.M.E.-DC, Inc.*, 826 F.2d 320, 326-31 (5th Cir. 1987); *Calhoun v. USDA Farm Serv. Agency*, 920 F. Supp. 696, 699-700 (N.D. Miss. 1996).

In the present case, the Defendant first filed suit before the

13

LMVC, during which proceeding Plaintiff filed a motion to compel arbitration.  The LMVC issued a judgment denying this motion, and Volvo then filed a Petition for Review of the LMVC's decision with the 24th Judicial District Court for the Parish of Jefferson.  The LMVC stayed the termination process as a result of this appeal, which is currently still pending.

The Court finds first that there is no exclusive review process established under Louisiana law governing the distribution and sale of motor vehicles, La. Rev. Stat. §§ 32: 1251-1269. Decisions of the LMVC are appealable to the 24th Judicial District Court for the Parish of Jefferson, however, the Court does not find any provision of Louisiana motor vehicle sales law that sets up an exclusive scheme for adjudication and review.  Additionally, the Court finds that by adjudicating Plaintiff's claims in this case, the Court would not be interfering with the administrative process of the LMVC.  The LMVC heard the motion and made a final determination on the arbitration issue which is now pending on appeal before the state court.  The Court finds that Plaintiff is not required to exhaust any additional administrative remedy.

**IV.  Abstention**

Defendant next argues that the Court should abstain from exercising jurisdiction.  Defendant first argues that abstention is proper under the doctrine set forth in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).  *Burford* abstention applies in (1) cases involving

14

difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case or (2) where federal adjudication of the case would disrupt state efforts to establish a coherent policy with respect to matters of substantial public importance. *Munich American Reinsurance Co. v. Crawford*, 141 F.3d 585, 589 (5th Cir. 1998). Defendant argues that *Burford* abstention is proper because action by this Court would be disruptive to state efforts to establish a coherent policy with respect to the regulation of motor vehicle manufacturers and dealers.

The Court notes first that the Fifth Circuit in *Munich Am. Reinsurance Co. v. Crawford*, 141 F.3d 585, 590 (5th Cir. 1998) held that *Burford* abstention is not proper in the context of suits to compel arbitration. The Court in *Munich* relied on *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) which limited the application of *Burford* abstention to cases in which the federal court is asked to provide some sort of discretionary or equitable relief. In particular, the Court in *Quackenbush* found that *Burford* abstention was inappropriate in a suit for damages. *Quackenbush*, 517 U.S. at 731. The Fifth Circuit in *Munich* reasoned that the Federal Arbitration Act leaves no place for discretion of the district courts but instead "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Munich*, 141 F.3d at 590

15

(quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).  The court found that under *Quackenbush*, the relief sought under the Federal Arbitration Act is not equitable or discretionary.  Thus, *Burford* abstention is not proper in suits to compel arbitration.  *Id*.

In addition to the Fifth Circuit's decision in *Munich* which found *Burford* abstention inapplicable because of the nature of the relief sought in a suit to compel arbitration, the Court finds that *Burford* abstention is also not appropriate in the present case given the underlying concerns that form the basis of *Burford* abstention.  As the Supreme Court explained in *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 362 (1989), "While *Burford* is concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy."  The crux of *Burford* abstention is the extent to which the Court's inquiry would "unduly intrude onto the processes of state government or undermine the State's ability to maintain desired uniformity."  *Id*. at 363.  In the present case, it may be true that Louisiana has set up a comprehensive scheme to govern automobile sales and dealer agreements under La. Rev. Stat. §§ 32: 1251-1269.  The Court's inquiry in this case, however, is limited to whether the Dealer Agreement contained a valid

16

arbitration clause and whether that clause should be enforced. This inquiry will not unduly intrude onto the State's processes of governing automobile sales. Even if the parties are forced to arbitrate, the arbitrator would still be required to determine and apply the proper law, including, if applicable, Louisiana law governing automobile dealer agreements. A limited inquiry into whether or not the dispute is arbitrable does not invoke the concerns that underlie *Burford* abstention. Thus, the Court finds that *Burford* abstention is not proper in this case.

The Defendant also argues that the Court should abstain from enjoining the state proceeding under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Abstention under *Younger* is appropriate when federal court jurisdiction would interfere with pending criminal, civil, or administrative state proceedings. *Baran v. Port of Beaumont Navigation Dist. of Jefferson County Texas*, 57 F.3d 436, 441 (5th Cir. 1995). In order to determine whether *Younger* abstention is proper, the Court must determine: (1) whether the state proceedings constitute an ongoing state judicial proceeding, (2) whether the proceedings implicate important state interests, and (3) whether there is an adequate opportunity in the state proceedings to raise the federal claims. *Louisiana Debating and Literary Ass'n v. New Orleans*, 42 F.3d 1483, 1490 (5th Cir. 1995).

With regard to the first inquiry, the existence of an ongoing

judicial proceeding, this case involves a state agency decision that is currently pending on appeal before a state district court. The Supreme Court has held that *Younger* is applicable in circumstances in which a litigant attempts to appeal in federal court the decision of a state court without first appealing that decision to a state appellate court. *See Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975); *see also New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 369-370 (1989) (suggesting but not specifically holding that *Younger* may apply when the initial adjudicating body is an agency, and the aggrieved party attempts to appeal in federal court while an appeal is also pending in the state system). The Court notes that although the LMVC has made a final decision on the arbitration issue, the process of adjudication is still pending before a state court. The Court finds that under the Supreme Court's reasoning in *Huffman* and *NOPSI*, the posture of this case constitutes an ongoing judicial proceeding to which *Younger* is potentially applicable.

With regard to the second inquiry, the Defendant argues that the regulation of automobile sales constitutes an important state interest. As the Court found above, however, the proceeding before this Court consists only of a limited inquiry into the enforceability of the arbitration clause, not the merits of the underlying dispute. Thus, while automobile sales regulation may be an important state interest, adjudication of the arbitration issue

will not impinge on this interest.  It will simply determine whether the parties properly litigated before the LMVC or whether the parties should proceed to arbitration.

With regard to the final inquiry, it is uncertain whether there is adequate opportunity in the state court proceeding to raise the federal issues.  The LMVC's opinion simply stated that the motion for arbitration was denied but did not explain how it came to this conclusion.  Specifically, it made no mention of the applicability of § 1226.  Additionally, the state court to which the decision has been appealed has not yet ruled on the issue.

In sum, while there is an ongoing proceeding, there is arguably no danger of interfering with an important state interest given the Court's limited inquiry, and the level of protection of federal rights at the state court level is uncertain.  In deciding whether *Younger* abstention is appropriate, the Court is persuaded by the Third Circuit's reasoning in *Olde Discount Corp. v. Tupman*, 1 F.3d 202 (3rd Cir. 1993).  In that case, the Third Circuit evaluated whether *Younger* abstention was proper in the context of determining whether a party is entitled to arbitration.  *Tupman*, 1 F.3d at 211-15.  Relying on *Wooley v. Maynard*, 430 U.S. 705 (1977) the court first noted that an exception to *Younger* exists when deference to a state proceeding will present a significant and immediate potential for irreparable harm to the federal issues asserted.  *Id*. at 212.  The Court reasoned that "the very nature of

19

arbitration demonstrates the irreparable harm [a plaintiff] faces, for its right to arbitration is a contractual right, sanctioned by statute, to have claims addressed in a particular forum." *Id*. at 213.   Thus, if a district court were to refuse to exercise jurisdiction, it "would not simply be declining to exercise its statutorily created jurisdiction, which is the ususal consequence of abstention.    Rather, it would be refusing to protect [a plaintiff's] access to the forum [it] and [the defendant] contractually selected to resolve their disputes." *Id*.  The court went on to state that "[t]he concern underlying a federal right to enforcement of arbitration agreements is a party's entitlement to a proceeding and a forum that are, at least ideally, speedy, efficient, and simpler than litigation in the courts or before agencies." *Id*.  Thus, "in the context of arbitration, a litigant's procedural right to the agreed forum is raised to a substantial right by the [Federal Arbitration Act]." *Id*.  The court concluded that *Younger* abstention was not proper in a suit to determine whether parties are entitled to arbitration under the Federal Arbitration Act.  *Id*. at 213-14.  The Court in the present case is persuaded by the reasoning of the Third Circuit in *Tupman*.  The Court finds that given the immediate harm that could result if Plaintiff is denied an opportunity to obtain a determination regarding the right to arbitration, *Younger* abstention is not appropriate.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

Plaintiff's claims for declaratory relief under 15 U.S.C. §§ 1221, 1222, and 1225, which pertain to the underlying merits of the dispute between the parties, are dismissed.  The Court, however, has proper subject matter jurisdiction over the remaining claims, and neither *Burford* nor *Younger* abstention is appropriate.

New Orleans, Louisiana this 20th day of February, 2008.

UNITED STATES DISTRICT JUDGE