UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOLVO TRUCKS NORTH AMERICA, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3127** |
| **CRESCENT FORD TRUCK SALES, INC. ET AL** | **SECTION B(5)** |

ORDER AND REASONS

Before the Court is Defendant Crescent Ford Truck Sales Inc.'s Motion for Review of Magistrate's Order Granting Volvo Leave to File an Amended Complaint. (Rec. Doc. No. 32). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Review of Magistrate's Order Granting Volvo Leave to File an Amended Complaint is **DENIED.**

**IT IS FURTHER ORDERED**, however, that the claims stated in Plaintiff's Amended Complaint are dismissed.

DISCUSSION

Defendant Crescent filed a Motion to Dismiss on August 3, 2007. While this Motion was pending, Plaintiff filed before the Magistrate Judge a Motion for Leave to File Supplemental and Amended Claim (Rec. Doc. No. 22). The Magistrate Judge granted this Motion (Rec. Doc. No. 30). Plaintiff then filed a Supplemental and Amended Complaint (Rec. Doc. No. 31). Defendant now appeals the Magistrate's decision granting Plaintiff leave to

1

amend its Complaint.  (Rec. Doc. No. 32).

Defendant's Motion for Review of Magistrate's Order Granting Volvo Leave to File an Amended Complaint is denied for the reasons stated in the Magistrate Judge's Order granting Plaintiff leave to amend it's Complaint.  Specifically, a complaint that does not properly allege subject matter jurisdiction may be amended to state a claim within the subject matter of the federal court.  *See Stanley v. Cent. Intelligence Agency*, 639 F.2d 1146, 1159-60 (5th Cir. 1981).  An additional ground supporting Plaintiff's right to amend its Complaint is the fact that, despite Defendant's arguments raised in its Motion to Dismiss and its Motion for Appeal, this Court actually has proper jurisdiction over certain claims alleged in Plaintiff's Original Complaint.  *See* Rec. Doc. No. 38.

While Plaintiff was properly granted leave to amend its Complaint, the claims stated in Plaintiff's Amended Complaint are, nevertheless, dismissed.  The claims stated in the Amended Complaint pertain to the issue of the non-renewal of the Dealer Agreement.  Specifically, Plaintiff seeks a declaratory judgment that the federal Automobile Dealer's Day in Court Act provides the fairness standards for non-renewal of the Dealer Agreement and that the Louisiana statutes regarding automobile dealers are unconstitutional.  These claims pertain to the underlying merits of the dispute between the parties regarding whether Volvo could legally terminate the Dealer Agreement rather than the issue of

whether the parties are required to arbitrate the dispute. When a dispute subject to arbitration is presented, federal courts have very limited jurisdiction under the Federal Arbitration Act. *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002). The Court's role is limited first to deciding whether a valid agreement to arbitrate the dispute in question exists and second whether any federal statute or policy renders the claim non-arbitrable. *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 428 (5th Cir. 2004). Disputes regarding the merits of the case must be considered by the arbitrator and not the court. *See Tortorich v. Musso*, 2007 WL 3244396, *2 (E.D. La. 2007); *Snap-On Tools Corp. V. Mason*, 18 F.3d 1261, 1263-64 (5th Cir. 1994). Thus, Plaintiff's claims stated in its Amended Complaint are dismissed.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Review of Magistrate's Order Granting Volvo Leave to File an Amended Complaint is **DENIED.**

**IT IS FURTHER ORDERED**, however, that the claims stated in Plaintiff's Amended Complaint are dismissed.

New Orleans, Louisiana this 25th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE