UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VOLVO TRUCK NORTH AMERICA, INC.                CIVIL ACTION

VERSUS                                          NO. 07-3127

CRESCENT FORD TRUCK SALES, INC., ET AL.         SECTION "B"(3)


## ORDER AND REASONS

Before the Court is Defendant Crescent Ford Truck Sales,
Inc.'s ("Crescent") Motion for New Trial/Reconsideration, (Rec.
Doc. 84), and Plaintiff Volvo Trucks North America, Inc.'s
("Volvo") Opposition. (Rec. Doc. 86). After review of the
pleadings, attachments, and applicable law, and for the reasons
that follow,

**IT IS ORDERED** that Defendant's Motion for New
Trial/Reconsideration is **DENIED**.

## DISCUSSION

I. Background

On June 20, 2000, Defendant Crescent entered into a five year
Dealer Agreement with Plaintiff Volvo, pursuant to which Defendant
operated a Volvo Dealership. The Dealer Agreement provided that the
parties should seek equitable solutions to any disputes arising out
of the agreement and that any dispute that is not resolved by
negotiation shall be submitted for mediation. Finally, the
agreement provided: "If Negotiation followed by mediation fails to
reach an equitable solution . . . within 90 days, then such dispute

may be settled by final and binding arbitration. Once initiated, all parties shall cooperate with the AAA and each other to reach the final decision."

On March 7, 2005, Volvo issued to Crescent a notice of nonrenewal of the Dealer Agreement. Crescent responded by filing a petition with the Louisiana Motor Vehicle Commission ("LMVC") for an interlocutory and permanent cease and desist order to prevent Volvo from refusing to renew the agreement. Crescent claimed that Volvo failed to properly allege just cause for termination of the Dealer Agreement as required under Louisiana law governing the distribution and sale of motor vehicles, La. Rev. Stat. 32: 1251, et seq. In response, the LMVC issued a cease and desist order against Volvo maintaining the status quo between the two parties and preventing the non-removal or expiration of the Dealer Agreement.

The parties proceeded to mediation as provided in the Dealer Agreement; however Volvo also argued that, pursuant to the Dealer Agreement, the parties should be compelled to submit to binding arbitration. Volvo subsequently filed before the LMVC a motion to compel arbitration, which was denied on September 14, 2006. Volvo then filed a Petition for Review of the LMVC's decision denying arbitration with the 24th Judicial District Court for the Parish of Jefferson on October 20, 2006. The LMVC has stayed the Dealer Agreement termination proceeding as a result of this appeal.

Volvo subsequently filed a Complaint in this Court on June 4, 2007, seeking an order directing that arbitration proceed between the parties. Additionally, Volvo sought an order enjoining Crescent and the LMVC from setting the case for trial on the merits prior to a final decision regarding the right to arbitration in this Court. Volvo then sought a declaratory judgment that various provisions of the Automobile Dealer's Day in Court Act, 15 U.S.C. § 1221, et seq., were applicable to the rights of the parties with respect to the contract. Defendant Crescent filed a Motion to Dismiss on August 3, 2007, which was granted in part and denied in part. The Court dismissed all claims except Plaintiff's request to compel arbitration.

On October 30, 2008, Crescent filed a Motion for Summary Judgement, asking the Court to consider whether the arbitration provision is mandatory or permissive. (Rec. Doc. 43). In response, Volvo filed a Cross Motion for Summary Judgment, rebutting the issue raised in Crescent's motion and arguing that under the Federal Arbitration Act (FAA) the Court must construe the arbitration agreement to be mandatory. (Rec. Doc. 46). Volvo's motion also addressed Crescent's defense that 15 U.S.C. § 1226 prohibited Volvo from enforcing the arbitration clause.

On May 11, 2009, the parties submitted their Joint Proposed Pre-trial Order, (Rec. Doc. 82), and on May 14, 2009, this Court entered an order denying Crescent's Motion for Summary Judgment and

granting Volvo's Motion for Summary Judgment to the extent that once arbitration is initiated in accordance with the AAA Commercial Rules, all parties are compelled to arbitrate the dispute. (Rec. Doc. 83). In response, Crescent filed the instant Motion for New Trial/Reconsideration, (Rec. Doc. 84), and Volvo filed its Opposition. (Rec. Doc. 86).

Defendant contends that it is entitled to a new trial and/or reconsideration of this Court's denial of its Motion for Summary Judgment and granting of Volvo's cross Motion for Summary Judgment, pursuant to Fed. R. Civ. Pro. 59. (Rec. Doc. 84). It claims (1) that this Court's decision was based on manifest errors of law and fact; (2) that the Court failed to consider defenses, which it raised in its pleadings and in its opposition to Volvo's Motion, and which were set out in the Pre-trial Order filed with the Court prior to the Court's ruling on the parties' cross motions; and (3) that granting Crescent's motion and denying Volvo's motion would prevent manifest injustice to Crescent. (Rec. Doc. 84).

Volvo argues: (1) that there were no manifest errors of law because (i) all of Crescent's arguments related to errors in contractual interpretation are moot, as the arbitration provisions are not ambiguous, and (ii) Crescent's preemption and Louisiana law arguments are moot because the parties agreed to apply federal law to arbitration under the Dealer Agreement; (2) that Crescent's defenses do not create grounds for a new trial because the Court

4

properly interpreted 15 U.S.C. § 1226 and held that arbitration is mandatory in this case, and none of Crescent's additional defenses provide a reason to hold a new trial; and (3) that Crescent did not suffer any "manifest injustice." (Rec. Doc. 86).

**DISCUSSION**

(I) Standard of Review

The Fifth Circuit has explained that when a case is decided dispositively without a trial in the district court, subsequent relief, even if entitled a motion for new trial, is more properly construed as a request for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 338 (5th Cir. 1997); *see also Thomas v. Great Atlantic and Pacific Tea Co., Inc.*, 233 F.3d 326, 327 n.1 (5th Cir. 2000) (noting that the district court correctly treated the motion for reconsideration of entry of summary judgment as a motion to alter or amend under Fed. R. Civ. P. 59(e)); *Patin v. Allied Signal Ins.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990)(motion to reconsider entry of summary judgment is properly styled as a Rule 59(e) Motion); and *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998) ("The Federal Rules of Civil Procedure do not provide for a 'Motion for Reconsideration' but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment."). Because the Federal Rules of Civil Procedure do not recognize a general motion for

reconsideration, a motion for reconsideration should be treated as a motion to alter or amend a judgment under Rule 59(e) if filed within ten days of the challenged ruling or judgment and under Rule 60 if filed beyond that time. *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Freeman v. County of Bexar*, 142 F.3d 848, 852 and n.7 (5th Cir. 1998); and *Hamilton Plaintiffs*, 147 F.3d at 371 n.10.

The Court should refrain from altering or amending a ruling or judgment under Rule 59(e) of the Federal Rules of Civil Procedure unless one of the following grounds is present: (1) the judgment is based upon manifest errors of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) manifest injustice will result; or (4) an intervening change in controlling law has occurred. *See* 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 125-27 (1995) ("Wright & Miller"). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. Oct. 10, 2001); Wright & Miller, § 2810.1 at 127-28; *and Clay v. Daichi Shipping*, 2000 WL 6269, at *1 (E.D. La. Jan. 5, 2000). Further, recycled arguments – previously rejected by the court – serve only to waste judicial resources. *See Self*, 172 F. Supp. 2d at 816; and *Louisiana v. Sprint Communications, Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

6

Altering, amending, or reconsidering a judgment is an extraordinary measure, which courts should use sparingly. *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)(noting that the standards applicable to Rule 59(e) favor the denial of motions to alter or amend a judgment); *see also* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 124 (1995). Accordingly, rulings should only be reconsidered "where the moving party has presented substantial reasons for consideration." *Id.; see also Baustian v. Louisiana*, 929 F. Supp. 980, 981 (E.D. La. 1996).

(II) Analysis

Most of Crescent's arguments were previously addressed in the Order granting Volvo's Motion for Summary Judgment and denying Crescent's Motion for Summary Judgment. (Rec. Doc. 83). As noted above, recycled arguments that were previously rejected by the Court serve only to waste judicial resources. *See Self*, 172 F. Supp. 2d at 816.

(1) No Manifest Errors of Law

First, Crescent contends that the FAA does not govern the interpretation of the language of the Dealer Agreement, but rather that Louisiana law governs. (Rec. Doc. 84-3 at 4). It contends that the Supreme Court in *Volt Information Services, Inc.v. Board of Trustees of the Leland Stanford Junior University*, 109 S.Ct 1248,

1254 (1989), held that the "strong federal policy" in favor of arbitration was only intended to place arbitration clauses on the same footing as all other contracts, not to allow the terms of an arbitration clause to be interpreted different than other contracts. (Rec. Doc. 84-3 at 5).

Crescent also refers to the rule of contractual interpretation, *contra proferentem*, which directs courts to interpret ambiguities in a contract against the party that drafted those provisions. (Rec. Doc. 84-3 at 5). The court in *Prescott v. Northlake Christian School*, held that even when interpreting the provisions of an arbitration agreement, Louisiana law applies, and ambiguities should be construed against the party providing the language of the contract. 369 F.3d 491, 497 n.10 (5th Cir. 2004). Crescent emphasizes that Volvo was the sole drafter of the Dealer Agreement. (Rec. Doc. 84-3 at 6).

Additionally, Crescent contends that while the Court agreed that the word "may" is permissive and "shall" is mandatory, it erred in interpreting these words in the arbitration provision. (Rec. Doc. 84-3 at 6). Petitioner contends that the Court misinterpreted *Place St. Charles v. J.A. Jones Construction Company*, 823 F.2d 120 (5th Cir. 1987). In *Place St. Charles*, the Fifth Circuit interpreted a motion to compel arbitration pursuant to the FAA, and held that the arbitration clause was mandatory. *Id.* at 123-24. The court interpreted the provision that stated that

either party "'may' invoke arbitration and each agrees to be bound," in light of another provision that stated that disputes "shall be settled in accordance with the requirements of this General Condition," as broad enough to compel arbitration. *Id.*

Crescent contends that the instant case is distinguishable from *Place St. Charles*, in that the arbitration provision therein was not in conflict with the reservation of rights provision in that contract, but Crescent argues that the arbitration provision of the Dealer Agreement here "comes into direct conflict with the more specific reservation of rights provision found in the Dealer agreement" (Rec. Doc. 84-3 at 6). Crescent emphasizes that pursuant to Louisiana law, "[e]ach provision of a contract must be interpreted in light of the other provisions that each is given the meaning suggested by the contract as a whole." La. Civ. Code. Ann. Art. 2050 (West 1987). Crescent contends that the arbitration provision is contrary to the "reservation of rights provision," found in section 7.1 of the Dealer Agreement. Crescent claims that if the arbitration provision is construed as mandatory, all disputes would have to be submitted to binding final arbitration thus rending the reservation or rights provision meaningless, contrary to Louisiana law. (Rec. Doc. 84-3 at 7).

Crescent also cites *Cerveceria Cuauhtemoc Moctezuma S.A. de C.V. v. Montana Beverage Company*, 330 F.3d 284 (5th Cir. 2003), in which the Fifth Circuit held that the term "may" renders an

arbitration clause permissive, rather than mandatory. These arguments are wholly duplicative of Crescent's arguments in its previous Motion for Summary Judgment and Crescent has presented no change in law that would affect the Court's prior analysis. Crescent's arguments surrounding whether or not state or federal law should govern the interpretation of the Dealer Agreement are moot because Section 7 is not ambiguous under either state or federal law.

Section 7.1 provides:

The parties shall promptly seek, in good faith and in a spirit of cooperation, a rapid and equitable solution to any dispute, controversy, or claim between them arising out of, or relating to, or concerning this Agreement. Accordingly, the parties agree to engage in direct and meaningful negotiations to arrive at such solution.

Except as provided herein, no civil, regulatory, or administrative action with respect to any dispute, claim, or controversy arising out of or relating to this Agreement may be commenced until the procedures specified in this Article 7 have been followed. These procedures shall be the sole and exclusive procedures for the resolution of such dispute.

This is not inconsistent with the language of Section 7.4, which provides:

If Negotiation followed by mediation as set forth in this Article fails to reach an equitable solution to the dispute within 90 days after commencement, then such dispute, controversy, or claim may be settled by final and binding arbitration administered by the AAA, in accordance with its applicable rules, by one arbitrator, if so chosen by the Dealer. Once initiated, all parties shall cooperate with the AAA and each other to reach the final decision.

In reading these two provisions together, it is clear that

Section 7.1 makes negotiation and mediation mandatory, pursuant to Sections 7.2 and 7.3, but Section 7.4 makes arbitration possible if those methods of resolution fail. Section 7.4 unambiguously provides that "[o]nce initiated, all parties _shall_ cooperate with the AAA and each other to reach the final decision." (Rec. Doc. 1-2 at 31-33)(emphasis added). This language clearly suggests that though arbitration is not mandatory if neither party initiates it, once initiated, both parties must submit to arbitration.

Because the plain language of Section 7 is not ambiguous, there is no need to consider rules of construction relating to ambiguities. Whether interpreted under federal law or state law, "interpretation of the arbitration clause at issue does not hinge on policy preferences regarding resolution of ambiguities but on the plain language of the contract." (Rec. Doc. 83 at 6). The Court nonetheless interpreted this language under Louisiana law, and explained that under Louisiana contract law, "[t]he word 'shall' is mandatory and the word 'may' is permissive." _Bateman v. Louisiana Public Employees Council No. 17 of the AFL-CIO_,660 So.2d 80, 81 (La. App. 4 Cir., 1995). Crescent cites _Cervezaria_, 330 F.3d 284 in an attempt to argue that the term "may" renders the entire arbitration clause permissive. The provision, however, contains both terms. The term "may" in Section 7.4 simply means that arbitration is not mandatory if neither party initiates it. It is, however, mandatory upon initiation.

<u>(2) Crescent's Defenses Are Not Meritorious</u>

    <u>(i) Primary Defenses</u>

Crescent also argues that the Court failed to consider its defenses.  Its main two defenses are based on 15 U.S.C. § 1226, which bars a party to a motor vehicle franchise contract from enforcing an arbitration clause that was entered into, amended, altered, modified, renewed, or extended after November 2, 2002, unless all parties consent to the arbitration after the dispute arises.  Crescent's arguments on this issue are again, a rehash of its arguments presented in its Motion for Summary Judgment and related pleadings. The Dealership Agreement was entered into on June 20, 2000, (Rec. Doc. 84-4), however Crescent relocated from 121 Jefferson Highway, to 6121 Jefferson Highway after November 2, 2002, and it continued to operate as a Volvo dealer after the move. (Rec. Doc. 84-3 at 12). Crescent claims that the Dealership Agreement was "modified" because the fact that the Dealership Agreement requires permission from Volvo for relocation, coupled with the fact that Crescent changed its location, leads to the conclusion that the change in location should have been approved and made part of the Dealer Agreement. (Rec. Doc. 84-3 at 12). Thus, Crescent claims that the fact that Volvo failed to amend the Agreement should not be the basis of any claim that the Dealer Agreement was not modified as a result of the move.

Next, Crescent claims that the Dealership Agreement was

extended by Volvo when it sent the Term Addendum to Crescent, regardless of the fact that Crescent did not sign the Addendum. (Rec. Doc. 86-2 at 6). Crescent contends that the Court wrongly held that the Term Addendum does not constitute an extension of the franchise, even though the document states that it "shall not be valid until countersigned by [Crescent]," because of the letter that Volvo sent to Crescent, which stated: "As a courtesy to your dealership, we are extending the term of your current Dealership Agreement to August 31, 2005." (Rec. Doc. 84-3 at 14).

A renewal under § 1226 refers to contract modifications achieved through the agreement of the parties. Such a renewal did not occur after § 1226 was enacted, thus this law does not apply to the Dealer Agreement, regardless of the fact that Crescent relocated. As the Court already stated, "approval for relocation and subsequent relocation constitute neither amendments, modifications, or alterations of the Dealer Agreement, but are simply actions taken pursuant to terms of the contract." (Rec. Doc. 83 at 19). Furthermore, the Term Addendum is not valid, as it was not signed by Crescent.

### (ii) Footnote Defenses

Crescent also argues that in addition to the defenses related to 15 U.S.C. § 1226, the Court failed to discuss three other defenses, which appeared in footnotes in its opposition to Volvo's Motion (Rec. Doc. 52). Crescent argues: (i) that Volvo waived its

right to seek arbitration; (ii) that the FAA does not preempt state motor vehicle codes; and (iii) that the arbitration clause is adhesionary and lacking in mutuality. Crescent claims that, because the Court failed to even consider these defenses, a new trial and/or reconsideration should be granted for reconsideration of these issues. (Rec. Doc. 84-3 at 18).

In response, Volvo argues that Crescent's preemption and Louisiana law arguments are moot because the parties agreed to apply federal law to arbitration under the Dealer Agreement. (Rec. Doc. 86 at 4). Volvo highlights the language of section 7.4.2, which states that "arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. 1-16 to the exclusion of state laws inconsistent therewith." Volvo also argues that Crescent's additional arguments were not considered by the Court because they were not timely made in Crescent's answer, as required by Rule 8 of the Federal Rules of Civil Procedure.

Volvo further contends that even if the Court considered Crescent's waiver argument, it would have concluded that there was no waiver, because the federal law on waiver of arbitration gives Crescent a very heavy burden or proof. Volvo asserts that Crescent would need to prove: (1) that Volvo took acts inconsistent with the right to arbitrate, and (2) that Crescent has suffered prejudice as a result of these acts. Volvo argues that Crescent has not met this burden as to either element. It argues that its act of

participating in the LMVC proceedings does not constitute a waiver because it was under compulsion to answer the petition and to respond to the discovery.

First, Crescent admits that it "did not brief the waiver issue" and attempts to excuse its failure to do so through Volvo's choice to frame its Motion for Summary Judgment as "essentially an opposition to the arguments made by Crescent before the LMVC, not before this Court." (Rec. Doc. 84-3 at 15). Crescent goes on to state that its FAA preemption and adhesionary defenses "were not squarely before the Court as a result of Volvo's framing of the issues in its motion, nevertheless, Crescent addressed them in a footnote." (Rec. Doc. 84-3 at 16)(emphasis added). "A motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Self*, 172 F. Supp. 2d at 816. Crescent's choice to frame its Motion for Summary Judgment as "essentially an opposition" to Volvo's Motion for Summary Judgment and attempts to blame Volvo's "framing of the issues" as the reason Crescent's defenses "were not squarely before the Court" do not excuse Crescent's failure to thoroughly present and brief all issues to be presented to the Court in Crescent's own Motion for Summary Judgment.

Without determining whether Crescent's defenses were timely made, the Court finds that Crescent's defenses of waiver,

preemption and adhesion are not meritorious. First, Crescent's waiver defense must fail. In its answer to Volvo's complaint, Crescent argued that "Volvo has waived its right to seek arbitration by submitting to the jurisdiction of the Louisiana Motor Vehicle Commission, by pursuing its claim for termination therein, and by continuing to participate in the litigation in and prosecuting its claim in state court, by filing an appeal of the decision of the Motor Vehicle Commission with the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, which appeal remains pending." (Rec. Doc. 40 ¶ 4). The court in *Place St. Charles* noted that "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." 823 F.2d at 125. Volvo did not "substantially invoke the judicial process" by responding to Crescent's petition with the LMVC, because Volvo was a defendant. All subsequent pleadings sought merely to compel arbitration.

Furthermore, Crescent's argument that the FAA does not preempt state motor vehicle codes is moot because the Louisiana Arbitration Law is "virtually identical to the Federal Arbitration Act (FAA)." *Snyder v. Belmont Homes, Inc.* 899 So.2d 57, 60 (La. App. 1 Cir. 2005). The Louisiana Arbitration Law provides:

> A provision in any written contract to settle by
> arbitration a controversy thereafter arising out of the
> contract, or out of the refusal to perform the whole or
> any part thereof, or an agreement in writing between two

> or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

LSA-R.S. 9:4201.

Finally, the arbitration clause is not adhesionary or lacking in mutuality. The court in *Aguillard v. Auction Management Corp.*, 908 So.2d 1 (La. 2005), held that a contract may be invalidated if it is a contract of adhesion, which is usually in a standard pre-printed form, prepared by a party with greater bargaining power for adherence or rejection by the weaker party. The relevant inquiry is whether each party truly consented to all of the terms, and there is nothing here to suggest that both parties did not consent to the arbitration clause. Here, as in *Aguilard*, there is "nothing sufficient to establish [that Volvo was] in such a superior bargaining position as to render [Crescent] a far weaker party." *Id.* at 23.

### (3) No Manifest Injustice

Crescent has not established that it would suffer manifest injustice if a new trial is not conducted. Crescent had a chance to argue its points in its Motion for Summary Judgment, and this Court did not find its arguments persuasive.

None of Crescent's arguments satisfy the criteria imposed by the Fifth Circuit to justify the granting of Rule 59(e) relief. Crescent has failed to show that the Court must correct a manifest

error of law or fact, that it has newly discovered or previously unavailable evidence, that the Court must prevent a manifest injustice, or that an intervening change in controlling law has occurred since the time of the ruling. Accordingly,

**IT IS ORDERED** that Crescent's Motion be **DENIED.**


New Orleans, Louisiana, this 13th day of August, 2009.



_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE